## BLUDWORTH, etc. v THE HONORABLE PETER W. EVANS, ex rel CHALKEY, et al. (Consolidated)

### Case No. 89-0478-CA A02

Fifteenth Judicial Circuit, Palm Beach County

February 12, 1990

### APPEARANCES OF COUNSEL

**Daniel T. Galo, Esquire,** Assistant State Attorney, for appellant.

**Richard Springer, Esquire,** for appellees.

Before CARLISLE, COHEN, COLBATH, JJ.

### OPINION OF THE COURT

CARLISLE, J.

BY ORDER OF THE COURT:

Section 775.089(1)(a), F.S. requires a trial court to conduct restitution hearings in cases involving traffic infractions. County Court Judge Peter Evans has ordered the State Attorney's Office to conduct these hearings. Petitioner has filed a Petition for Writ of Prohibition, to prevent the enforcement of this Order.

Section 775.089(1)(a), F.S. provides that:

"in addition to any punishment (imposed in a criminal case) the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's *offense* . . ." (emphasis supplied.)

Section 775.08(3), F.S. provides:

"The term 'non-criminal violation' shall mean an *offense* that is punishable . . . *by no other penalty* than a fine, forfeiture, or other civil penalty." (Emphasis supplied.)

Section 316.655(3) F.S. provides that traffic infractions are subject to a civil penalty not to exceed $500, and in some cases, a person may be required to attend a driver improvement school. Section 316.655(5) F.S. provides that the court may, in addition, suspend driving privileges. In short, traffic offenses are punishable by penalties other than a fine, forfeiture, or civil penalty, to wit: driver improvement school and license revocation. Therefore, by definition they are not offenses within the meaning of 775.08 F.S. In addition, Section 316.655 F.S. provides that traffic violations, other than certain enumerated criminal offenses, are infractions. Section 318.14 F.S. provides that an infraction means a non-criminal violation, which is not punishable by incarceration and for which there is no right to a trial by jury or right to court-appointed counsel. Offenses under Section 775.089 F.S. are punishable by incarceration and there is a right to trial by jury and a right to court-appointed counsel.

The Constitution of the State of Florida limits the jurisdiction of the county court in civil cases to those in which the damages are less than $5,000. The civil division of the circuit court has jurisdiction in all cases exceeding that amount. Much of the work of the civil division of the circuit court consists of damages arising from traffic accidents. If 775.089(1)(a) F.S. required the county court to determine the damages arising from traffic infractions, it would at the same time require that the county court exceed its jurisdiction. It is plain, as a matter of statutory construction, that the Legislature did not intend to, nor did it, require the county court to determine damages in traffic infraction cases. To do so would cause it to frequently exceed its jurisdiction. It is, therefore,

ORDERED the Petition for Writ of Prohibition is hereby granted.

ORDERED this 12th day of February, 1990, at West Palm Beach, Palm Beach County, Florida.

COHEN, COLBATH, JJ., concur.